(No. 76-CC-0807—<span></span>)

TOMMIE LEE ROGERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 28, 1980.—Rehearing denied November 19, 1980.*

SINGER, SNYDER, TIEMAN, AESCHLIMAN & JAQUAYS, LTD. (WILLIAM C. WASHBURN, JR., of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (RICHARD J. GROSSMAN and GLEN P. LARNER, Assistant Attorneys General, of counsel), for Respondent.

POCH, J.

This is a claim for personal injuries sustained by Tommie Lee Rogers, Claimant, while using a band saw in the butcher shop at Stateville Correctional Center.

On January 10, 1975, Claimant, 32 years old, was an inmate at the Stateville Correctional Center, Joliet, Illinois, assigned to work in the institution butcher shop. During the course of using a band saw to cut a pork loin into pork steaks, Claimant cut his right index finger off to the knuckle, and cut his middle finger so that he has lost its use. The testimony bearing on the issues of negligence and contributory negligence is contradictory.

Claimant's testimony can be summarized as follows: He had worked in the butcher shop for some time but had never been assigned to the band saw before the day in question. He was ordered to cut pork loins into pork chops. At the time of the occurrence he was taking valium three times a day as prescribed by the institution

physician. He told the officer in charge of the butcher shop, one Officer Warren, that because of the effects of the valium he should not be made to use the band saw. However, the officer ordered him to cut the pork chops. He had received no instructions as to how to operate the machine and the machine was totally without safety equipment.

James A. Warren, relief supervisor in the food department, testified as follows: Rogers had worked in the butcher shop for over a year. The butcher shop had two band saws, and he had seen Rogers operate each of them. On the morning of the accident he told Claimant to slow down and be more careful in cutting the meat. Claimant replied that he had been operating a saw longer than Warren knew anything about cutting meat. This testimony is totally in conflict with Claimant's. Rogers did not tell Warren that he was taking valium and should not work on the saw. Claimant did not object to using the saw. Warren, who was a relief supervisor, did not have to assign Rogers to the saw because that was Rogers' job. He did not know Rogers was on valium.

Dr. Julius Venckus, the institution physician, testified that valium is a tranquilizer and has a sedative effect on some persons. On June 14, 1974, he notified the senior captain that Claimant was on sodium dilantin and valium and should not be given hazardous assignments. Documents in the record also establish that Claimant asked to be re-assigned to the butcher shop from which he had been removed following Dr. Venckus' notification to prison authorities that Claimant should not be assigned hazardous work.

The saw had no safety device specifically designed to keep an operator's hand away from the blade, although the table portion of the machine on which the meat was placed was moveable, so that the meat could be held in

place while the table moved back and forth. Rogers chose to feed the meat directly into the saw.

Officer Warren filed an accident report, and in response to the question, "What do you suggest to prevent recurrences?", wrote: "By use of steel gloves and steel guard."

Claimant defines the issues in his brief as follows:

"The issue is whether the respondent was negligent in ignoring express notice given to the respondent that the claimant was unable to operate the meat cutting machine because of his medical condition, and whether the claimant was negligent in failing to provide safe working conditions for the claimant."

Officer Warren denied that he had express notice that Claimant was on valium and was medically unfit to operate the saw.

The Court cannot feel justified in adopting Claimant's testimony over that of Officer Warren.

The result is that Claimant has failed to prove this issue by the preponderance of the evidence. Furthermore, Claimant has not proved by the preponderance of the evidence that the saw was so dangerous that it could be said that Respondent failed to provide Claimant with safe working conditions.

Finally, Claimant failed to prove by the preponderance of the evidence that he was in the exercise of due care for his own safety.

The claim is, therefore, denied.